AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| HICANIA DOMINGUEZ <br><br> *Plaintiff(s)* <br> v. <br> UNIED STATES OF AMERICA <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* UNITED STATES OF AMERICA
C/O UNITED STATES ATTORNEY'S OFFICE
86 Chambers Street, 3rd Floor
New York, NY 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> DUFFY & DUFFY, PLLC
> 1370 RXR PLAZA
> UNIONDALE, NY 11556

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 03/05/2021 _____

*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HICANIA DOMINGUEZ,

                  Plaintiff,

- against -

UNITED STATES OF AMERICA,

                  Defendant.
------------------------------------------------------------X

Civil Action No.: _____

**COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff HICANIA DOMINGUEZ (hereinafter referred to as the "Plaintiff") hereby files this original Complaint complaining of the UNITED STATES OF AMERICA (hereinafter referred to as the "Defendant"), the defendant herein, and respectfully alleges shows this Court the following, upon information and belief:

**I.     PARTIES, JURISDICTION, SERVICE OF PROCESS and VENUE**

1. This is a medical malpractice case involving severe personal injuries and complications suffered and incurred by the Plaintiff. This matter involves a claim of failure to timely and properly suspect, investigate, detect, diagnose and treat the Plaintiff's right breast carcinoma while she was under the prenatal care of EDWIN SANTIAGO, C.N.M., BRONXCARE WOMEN'S HEALTH CENTER, BRONXCARE INTEGRATED SERVICES SYSTEM, INC., and BRONXCARE HEALTH SYSTEM ("BronxCare"). The subject care and treatment began on August 3, 2018 and continued, during a continuous course of treatment, through September 11, 2019.

2. Specifically, this matter involves Hicania Dominguez ("the patient"), presently a 29 year old mother of three minor children, who claims that there was a negligent delay in

suspecting, investigating, detecting and diagnosing a suspicious lump/mass in the medial as pect of her breast while she was under the care of Edwin Santiago, CNM and BronxCare. As a result of the delay in diagnosis, Ms. Dominguez was diagnosed with Stage IV inflammatory carcinoma of the right medial breast (high grade invasive poorly differentiated ductal carcinoma; ER/PR + and HER2 negative) in September of 2019. At the time of diagnosis in September 2019 it was determined that the right breast carcinoma had metastasized to her right axillary lymph nodes, lungs and rib. Neoadjuvant chemotherapy was administered followed by radiation therapy and a mastectomy.

3. The Plaintiff resides at 50 East 191st Street, Apt. 6S, County of Bronx, State of New York.

4. At all times hereinafter mentioned, Plaintiff was a citizen of the United States of America and the State of New York, residing at 50 East 191st Street, Apt. 6S, County of Bronx, State of New York.

5. The Defendant is the United States of America.

6. The Federal District Court has jurisdiction over this cause because this action is brought pursuant to and in compliance with 28 U.S.C. §§1346(b), 2671-2680 et seq., commonly known as and referred to as the "Federal Tort Claims Act" ("FTCA") which vests exclusive subject matter jurisdiction of FTCA litigation in the Federal District Court.

7. The United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by electronically filing or serving a copy of the Summons and of the Complaint on Audrey Strauss, United States Attorney for the Southern District of New York, by certified mail, return receipt requested at his office United States Attorney for the Southern District of New York, 86 Chambers Street, 3rd Floor, New York, NY

10007, to the attention of the Civil Process Clerk, and by serving a copy of the Summons and Plaintiff's Original Complaint on Monty Wilkinson, Acting Attorney General of the United States, by certified mail, return receipt requested, at the Attorney General's Office, 950 Pennsylvania Ave., NW, Washington D.C., 20530-0001, to the attention of the Civil Process Clerk.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(e), as the United States is a Defendant and all of the events or omissions giving rise to the claim occurred in this district.

## II.   LIABILITY OF THE UNITED STATES OF AMERICA

9. This case is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 U.S.C. §§2671-2680, commonly referred to as the "Federal Tort Claims Act" ("FTCA"). Liability of the United States is predicated specifically on Title 28 U.S.C. §§ 1346(b)(1) and 2674 because the personal injuries and resulting damages of which complaint is made, were proximately caused by the negligence, wrongful acts and/or omissions of employees and/or servants and/or agents of the United States of America. The negligent acts and/or omissions occurred at Bronxcare, 1650 Grand Concourse, County of Bronx, State of New York, which is, upon information and belief, a facility designated under the Federally Supported Health Centers Assistance Act. Among the medical staff involved in the events at issue is Edwin Santiago, C.N.M., who, upon information and belief, is deemed to be federal employees under the Act and thus, are agents of the Defendant under the Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C §233(g)(k), and the amended Federally Supported Health Centers Assistance Act of 1995, 42 U.S.C. § 201.

10. Plaintiff pleads pursuant to Title 28 U.S.C §§2672 and 2575(a), that the claims set forth herein were filed with and presented administratively to the Defendant's agency the United States Department of Health & Human Services on July 28, 2020.

11. On September 28, 2020, the Office of General Counsel, General Law Division, Claims Office of the Department of Health & Human Services issued a letter acknowledging receipt of the Plaintiff's administrative tort claim (Claim No.: 2020-1240). However, no denial of said administrative tort claim in accordance with 28 U.S.C. §§2401(b) and 2675(a) has been issued. The claims have not been settled for more than six months. Thus, the claim has been deemed denied in accordance with 45 C.F.R. §35.2 and 28 U.S.C. §2675(a). Accordingly, Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation

### III. SANTIAGO & BRONXCARE ARE AGENTS OF THE UNITED STATES OF AMERICA

12. EDWIN SANTIAGO, C.N.M., BRONXCARE WOMEN'S HEALTH CENTER, BRONXCARE INTEGRATED SERVICES SYSTEM, INC., and BRONXCARE HEALTH SYSTEM ("BronxCare"), are agents of the United States of America and therefore, insured under the Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C §233(g)(k), and the amended Federally Supported Health Centers Assistance Act of 1995, 42 U.S.C. §201.The United States of America, Defendant herein, through its agency, the United States Department of Health & Human Services, staffed BronxCare with its agents, servants, and/or employees, including Edwin Santiago, C.N.M.,, and its affiliates are physically located within Bronx County, City of New York, State of New York.

### IV. EMPLOYMENT AND COURSE OF SCOPE

13. At all times material hereto, all persons involved in the medical and health care services provided to Plaintiff at BronxCare were agents, servants, and/or employees of the United States of America, and were at all times material hereto, acting within the course and scope of such employment.

## V.  FACTS

14. This is a Federal Tort Claims Action for monetary damages sustained by the Plaintiff resulting in personal injuries suffered by Plaintiff as a result of substandard, and therefore, negligent prenatal, obstetrical and postpartum medical care and treatment.

15. At all times hereinafter mentioned, the defendant EDWIN SANTIAGO, C.N.M., was and certified midwife duly licensed to practice medicine in the State of New York

16. Beginning on or about August 3, 2018 and continuing, during a continuous course of care and treatment, through on or about September 11, 2019, Plaintiff HICANIA DOMINGUEZ was a patient of the Defendant, its agents and/or servants and/or employees, under the medical diagnosis, care and treatment of the aforesaid defendants, their agents, servants and/or employees.

## VI:  THE CAUSE OF ACTION AGAINST THE UNITED STATES OF AMERICA

17. Beginning on or about August 3, 2018 and continuing, during a continuous course of care and treatment, through on or about September 11, 2019, the plaintiff was a patient of the defendant, its agents and/or servants and/or employees, under the medical and surgical care, treatment and diagnosis of the aforesaid defendants, their agents, servants and/or employees, and as a result of the failure to timely and properly carefully suspect, investigate, identify diagnose, care for and treat plaintiff **HICANIA DOMINGUEZ**'s (the "patient") right breast cancer causing it to metastasize to her right axillary lymph nodes, lungs and right rib, including but not limited to: in failing to timely and properly examine the patient's right breast; in failing to timely and properly heed and/or react and/or respond to the patient's complaint of an abnormal, hard, irregular shaped lump/mass in the medial aspect of her right breast; in failing to timely and properly investigate and evaluate the right breast lump/mass; in failing to timely and properly refer the patient for a ultrasound to evaluate the breast lump/mass; in negligently and improperly attributing the

lump/mass to her pregnancy and/or pregnancy-related changes to her breasts without a proper and thorough evaluation; in failing to examine the patient's breasts in a thorough and skillful manner; in failing to be cognizant and aware of the lesion and/or mass and/or lump in the patient's right breast; in failing to timely and properly recognize the symptoms of, determine the etiology of and act upon the patient's signs, symptoms and complaints of a mass and/or lump in her right breast; in failing to timely and properly recognize the significance of, determine the etiology of and act upon the mass and/or lump in the patient's right breast; in failing to properly assess and investigate the mass and/or lump in the patient's right breast; in failing to properly evaluate and examine the patient's breasts at appropriate intervals; in failing to perform repeat examinations and/or evaluations of the patient's breasts in timely and appropriate intervals; in improperly ignoring the patient's complaints of a right breast lesion and/or lump and/or mass; in failing to timely and properly consider the possibility that the mass and/or lump in the patient's right breast was malignant and act upon same; in failing to rule-out breast cancer; in failing to maintain records pertaining to the patient in a proper and skillful manner; in failing to properly note the patient's complaints and the findings of examinations in the patient's record; in failing to refer the patient for proper and appropriate consultations; in failing to refer the patient to a OB-GYN, breast surgeon and radiologist for a proper, indicated and necessary work-up; in failing to recognize the significance of making a timely referral to a OB-GYN, breast surgeon and radiologist for a proper, indicated and necessary work-up; in failing to refer the patient for a second opinion from a OB-GYN, breast surgeon and radiologist; in failing to timely recommend a follow-up visit to a OB-GYN, breast surgeon and radiologist; in carelessly and negligently attributing the lesion and/or mass and/or lump in the patient's right breast to pregnancy-related changes; in failing to timely and properly develop, formulate and entertain a differential diagnosis which included carcinoma

of the breast; in failing to timely and properly recognize the significance of, determine the etiology of and act upon the increased density in the patient's right breast; in failing to timely recognize the presence of the patient's right breast cancer; in failing to arrive at a timely and proper diagnosis of the patient's right breast carcinoma; in failing to refer the patient for timely and appropriate diagnostic tests and studies to properly investigate the mass and/or lump in the patient's right breast; in failing to timely and properly recommend and/or refer the patient for diagnostic imaging studies, including a sonogram and/or mammogram and/or MRI of her breasts, including the mass/lump/lesion in her right breast; in misdiagnosing the patient's true condition; in failing to timely and properly perform and/or order diagnostic testing and imaging studies for the plaintiff, in writing improper, inadequate and/or incorrect notes; in writing inaccurate and/or incorrect notes and reports; in writing improper, inadequate and/or incorrect information and/or notes; in improperly training and supervising Edwin Santiago, CNM; and, in negligently and improperly hiring, training and retaining Edwin Santiago, CNM, as an employee when it was known or should have been known in the exercise of due care and caution that he was unfit, inexperienced and incompetent to practice his specialty; in causing an improper delay in diagnosing the patient's right breast carcinoma thereby permitting, allowing and causing it to grow, spread and metastasize; in improperly reducing the patient's survival rate by an untimely diagnosis; and, in causing the plaintiff to sustain permanent harm, injury and severe complications as a result of the aforementioned stated departures and deviations from the accepted standards of medical, hospital and nursing care and treatment.

  18. Said occurrence was due to the carelessness and negligence of the defendants in failing to treat the plaintiff in the accepted and proper medical manner, without any fault or lack of care on the part of the plaintiff herein.

19. At all times mentioned herein, the employees, agents, servants and/or representatives of the Defendant were negligent and proximately caused and/or contributed to the injuries and damages suffered by the Plaintiff.

## VII. DAMAGES

20. By reason of the foregoing, the plaintiff sustained severe and serious surgical, medical, physical, and emotional injuries and was caused to suffer severe physical pain and mental anguish as a result thereof, and upon information and belief, some of these injuries are of a permanent and lasting nature; that plaintiff was confined to bed, hospital and home for a period of time as a result thereof, and was incapacitated from attending all regular activities, and thereby caused to expend a sum of money for medical, surgical and hospital care. Such injuries include, but are limited to, the following: delay in diagnosis of her breast cancer was a substantial factor in preventing metastasis and causing a reduction in her survival rate and diminishing her chances for a better outcome or prognosis; and, in improperly reducing the patient's survival rate by an untimely diagnosis. At the time of diagnosis, the patient was diagnosed with Stage IV inflammatory carcinoma of the right medial breast (high grade invasive poorly differentiated ductal carcinoma; ER/PR + and HER2 negative); metastatic spread of her breast cancer to her right axillary lymph nodes, lungs and right ribs necessitating neoadjuvant chemotherapy followed by both radiation therapy and a mastecotmy.

## VIII. MEANING OF "DEFENDANT"

21. In this complaint, whenever the term "Defendant" is used, it means Defendant, Defendant's officers, agents, servants, employees, and/or representatives. Whenever in this complaint it is alleged that Defendants did any act or thing, it is meant that Defendant, Defendant's officers, agents, servants, employees and/or representatives did such act or thing, and that at the

time of such act or thing was done, it was done with the full authorization and ratification of Defendant and was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees and/or representatives. Whenever in this complaint it is alleged that Defendant omitted any act or thing, it is meant that Defendant, Defendant's officers, agents, servants, employees, and/or representatives omitted such act or thing.

## IX.  PRAYER

WHEREFORE, the Plaintiff requests that the Defendant be cited in terms of law to appear and answer herein: that upon final trial and hearing hereof, the Plaintiff have judgment against the Defendant, for the amount of actual damages; and for such other and different amounts as they shall show proper amendment before trial; for post judgment interest as the applicable legal rate; for all Court costs incurred in this litigation; and for such other and further relief, at law and in equity, both general and special, to which the Plaintiff may show themselves entitled and to which the Court believes them deserving.

Respectfully submitted,

DUFFY & DUFFY, PLLC
*Attorneys for the Plaintiff*

By: *[signature: James N. LiCalzi]*

---

JAMES N. LiCALZI
(JNL 6490)
1370 RXR Plaza
Uniondale, NY 11556-1370
jlicalzi@duffyduffylaw.com
Tel.: (516) 394-4200
Fax: (516) 394-4229