

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

June 30, 2021

By ECF
The Honorable Jesse M. Furman
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Dominguez v. United States of America*, No. 21 Civ. 1962 (JMF) (S.D.N.Y.)

Dear Judge Furman:

      This Office represents the United States of America in the above-captioned medical-malpractice action. I write on behalf of both parties to provide the Court with the information requested in its March 10, 2021 order, *see* Dkt. No. 6, and to propose a Civil Case Management Plan and Scheduling Order, which has been attached as an exhibit to this letter. The parties do not currently have any disputes that require the Court's intervention. As such, unless the Court would like further information about any of the topics discussed in this letter, the parties respectfully request that the Court order the attached scheduling order and adjourn the currently scheduled July 6, 2021 initial pretrial conference. If the Court prefers to hold an initial pretrial conference, the parties are available at the currently scheduled time, July 19 or 23, 2021, or any other time convenient to the Court.

      The parties have conferred regarding the topics listed in the Court's March 10, 2021 order and have agreed on the following:

      1.   <u>A brief statement of the nature of the action and the principal defenses thereto</u>

      This is a medical malpractice action involving an alleged failure to timely diagnose breast cancer brought by Hicania Dominguez arising out of the course of care provided to her in 2018 and 2019 by Edwin Santiago, C.N.M. at BronxCare Health System. Both Edwin Santiago, C.N.M. and the BronxCare Health System are deemed employees of the Public Health Service pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n), and so this action is brought against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. The United States of America anticipates that its primary defense will be that Ms. Dominguez received medical treatment that accorded with the standard of care.

      2.   <u>A brief explanation of why jurisdiction and venue lie in this Court</u>

      42 U.S.C. § 233(a) and 28 U.S.C. § 1346(b)(1) confer exclusive jurisdiction upon the federal district courts to resolve claims for personal injury resulting from the performance of medical functions by any commissioned employee of the Public Health Service while acting within the scope of his or her employment. Venue is proper in this district because the complained-of conduct occurred in the Southern District of New York. *See* 28 U.S.C. § 1402; 32 C.F.R. § 750.32.

3. <u>A statement of all existing deadlines, due dates, and/or cut-off dates</u>

Apart from the currently schedule July 6, 2021 initial pretrial conference, there are no current deadlines, due dates, or cut-off dates in this matter.

4. <u>A brief description of any outstanding motions</u>

There are no motions currently outstanding in this matter.

5. <u>A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations</u>

The parties have not yet exchanged discovery in this matter, but Ms. Dominguez has agreed to provide medical authorizations with her Rule 26 initial disclosures so that the United States can begin collecting her medical records. The parties believe that the collection of medical records, and the review of those records by medical experts, will be necessary for the parties to engage in meaningful settlement negotiations.

6. <u>A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any</u>

The parties have not yet engaged in settlement discussions.

7. <u>A statement confirming that the parties have discussed the use of alternative dispute resolution mechanisms and indicating whether [those mechanisms] would be appropriate and, if so, when in the case . . . the use of such a mechanism would be appropriate</u>

The parties have discussed the use of alternative dispute resolution mechanisms and believe that a settlement conference before a magistrate judge could assist the parties in resolving this matter at the close of expert discovery. The parties will write a letter to the Court if we believe we could benefit from alternative dispute resolution mechanisms at an earlier date.

8. <u>Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case</u>

At this time, the parties do not believe that this case raises any dispositive or novel issues that need to be brought to the Court's attention. If it becomes clear through the course of discovery that such an issue may exist, the parties will bring it to the Court's attention through a letter.

* * *

The parties are happy to provide the court with any additional information that the Court requires. If the Court does not require additional information at this time, the parties respectfully request that the Court order the parties' proposed scheduling order and adjourn the July 6, 2021 initial pretrial conference.

We thank the Court for its attention to this matter.

                                                    Respectfully submitted,

                                                    AUDREY STRAUSS
                                                    United States Attorney for the
                                                    Southern District of New York

By:   /s/ Zachary Bannon
       ZACHARY BANNON
       Assistant United States Attorney
       Telephone:  212-637-2728
       Facsimile:   212-637-2717
       E-mail:       Zachary.Bannon@usdoj.gov