

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

November 2, 2021

<u>By ECF</u>
The Honorable Jesse M. Furman
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *Dominguez v. United States of America*, No. 21 Civ. 1962 (JMF) (S.D.N.Y.)

Dear Judge Furman:

    This Office represents the United States of America (the "Government") in the above-captioned medical-malpractice action. I write on behalf of both parties to provide the Court with the information requested in its July 1 and November 1, 2021 orders. *See* Dkt. Nos. 14, 19. The parties do not currently have any disputes that require the Court's intervention. As such, unless the Court would like further information about any of the topics discussed in this letter, the parties respectfully request that the Court adjourn the currently scheduled November 9, 2021 initial pretrial conference. If the Court prefers to hold an initial pretrial conference, the parties are available at the currently scheduled time, on November 12, 2021, or any other time convenient for the Court.

    The parties have conferred regarding the topics listed in the Court's July 1, 2021 order and have agreed on the following:

    1. <u>A statement of all existing deadlines, due dates, and/or cut-off dates.</u>

    Fact discovery is currently set to conclude on December 17, 2021 and expert discovery is set to conclude on January 31, 2022. *See* Dkt. No. 19. Additionally, the parties are currently scheduled to appear for an initial settlement conference before Magistrate Judge Freeman on December 14, 2021. There are no other deadlines in place in this matter.

    2. <u>A brief description of any outstanding motions.</u>

    There are no outstanding motions before the Court.

    3. <u>A brief description of the status of discovery and of any additional discovery that needs to be completed.</u>

    As set forth in the parties October 28, 2021 letter, the Government has collected medical records from each of the medical-care providers for which Plaintiff has provided HIPAA

authorizations. In addition, Plaintiff has responded to the Government's first set of interrogatories and document requests.[1] To complete fact discovery, the Government anticipates that it will need to review Plaintiff's responses to its interrogatories and document requests, send subpoenas to any third-parties identified as having relevant records in those responses, depose Plaintiff and any third-party medical-care providers whose testimony is necessary to understand the claims at issue in this litigation, and conduct expert discovery on the medical issues presented by this case. Plaintiff's deposition is currently scheduled for November 16, 2021.

4. <u>A list of all prior settlement discussions, including the date, the parties involved, whether any third-party (e.g., Magistrate Judge, mediator, etc.) was involved, and the approximate duration of such discussions, if any</u>

The parties have not yet engaged in settlement discussions but have an initial settlement conference scheduled before Magistrate Judge Freeman on December 14, 2021. The parties are also mindful of the Court's requirement that they engage in settlement conversations within fourteen days of the close of fact discovery, Dkt. No. 14 ¶ 12, and intend to comply with that directive.

5. <u>A statement of whether or how the Court could facilitate settlement of the case (for example, through a(nother) settlement conference before the assigned Magistrate Judge or as part of the Court's Mediation Program.</u>

The Court has referred the parties for a settlement conference before Magistrate Judge Freeman. *See* Dkt. No. 17. The parties do not believe any further action to facilitate settlement is needed at this time.

6. <u>A statement of the anticipated length of trial and whether the case is to be tried to a jury.</u>

The parties anticipate that trial will take around five or six days and that this case will be tried to the Court, rather than a jury.

7. <u>A statement of whether the parties anticipate filing motions for summary judgment.</u>

The parties will not be able to determine whether it will be appropriate to file motions for summary judgment until expert discovery has been completed. However, the parties are cognizant that the Court's July 1, 2021 order requires a showing of good cause to permit summary judgment practice in this non-jury case.

---

[1] Plaintiff has not submitted any document requests or interrogatories to the Government.

8. <u>Any other issue that the parties would like to address at the pretrial conference or any information that the parties believe may assist the Court in advancing the case to settlement or trial.</u>

The parties do not have any issues that need to be resolved by the Court at this time.

\* \* \*

The parties are happy to provide the court with any additional information that the Court requires. If the Court does not require additional information at this time, the parties respectfully request that the Court adjourn the November 9, 2021 initial pretrial conference.

We thank the Court for its attention to this matter.

                                                       Respectfully submitted,

                                                       DAMIAN WILLIAMS  
                                                       United States Attorney for the  
                                                       Southern District of New York

                                     By:    /s/ Zachary Bannon  
                                                       ZACHARY BANNON  
                                                       Assistant United States Attorney  
                                                       Telephone: 212-637-2728  
                                                       Facsimile: 212-637-2717  
                                                       E-mail: Zachary.Bannon@usdoj.gov